IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN RAY RIVKIN, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-733-A |
| | § | |
| REBECCA TAMEZ, WARDEN, | § | |
| FCI-FORT WORTH, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the application of Stephen Ray Rivkin ("Rivkin") for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Having considered the application, the response, applicant's reply, and pertinent legal authorities, the court has concluded that the application should be denied.

I.

Grounds of the Application

Rivkin is one of a number of federal prisoners nationwide, including in the Northern District of Texas, seeking to invalidate a rule promulgated by the Bureau of Prisons that

---

[1] The title of the document filed by Rivkin was "28 U.S.C. 2241 Petition for Writ of Habeas Corpus," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2241, the court is referring to the document filed January 5, 2009, as an "application" and is referring to Rivkin as "applicant."

excludes from consideration for early release inmates convicted of certain offenses despite completion of the Bureau of Prisons's residential drug abuse program ("RDAP"). Rivkin fares no better than others before him.

Rivkin is serving a 41-month term of imprisonment imposed on November 6, 2007, for his commission of the offenses of felon in possession of a firearm and possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(1), (3). Rivkin was incarcerated at FCI-Fort Worth and enrolled in the RDAP, which he completed on October 31, 2008. Relying on Program Statement 5162.04, the Bureau of Prisons denied Rivkin a one-year reduction in his sentence, as provided by 18 U.S.C. § 3621(e)(2)(B), due to his convictions under § 922(g). Rivkin now claims that the Bureau of Prisons's "failure to state a rationale for its categorical exclusion rule for denying Petitioners [sic] the benefits of the RDAP program render the regulation arbitrary and capricious in violation of [§] 706(2)(A) of the [Administrative Procedures Act]," App. at 8, and that denial to him of the early release because he is not housed in the Ninth Circuit further violates Bureau of Prisons regulations.

2

II.

Analysis

Under § 3621(e)(2)(B), the Bureau of Prisons may in certain cases reduce a prisoner's sentence by no more than one year upon successful completion of a substance abuse treatment program. Only prisoners convicted of a "nonviolent offense" are eligible for the sentence reduction. 18 U.S.C. § 3621(e)(2)(B). This subsection vests in the Bureau of Prisons considerable discretion regarding eligibility for sentence reductions. See Lopez v. Davis, 531 U.S. 230, 241 (2001); Venegas v. Henman, 126 F.3d 760, 762 (5th Cir. 1997).

In 1995, 1996, and 1997, the Bureau of Prisons published interim rules categorically excluding prisoners from consideration for early release if the current offense is a felony that involved the carrying, possession, or use of a firearm. 28 C.F.R. § 550.58(a)(1)(vi)(B).[2] The Bureau of Prisons finalized the interim rules in 2000. The following year the Supreme Court decided Lopez, in which the Court agreed with the Bureau of Prisons that the agency may exclude inmates either

---

[2] In its response, the government details the history of § 550.58 and the implementing Bureau of Prisons Program Statements, which the court finds helpful but unnecessary to repeat herein.

categorically or on a case-by-case basis, subject to its obligation to interpret the statute reasonably:

> Having decided that the Bureau [of Prisons] may categorically exclude prisoners based on their preconviction conduct, we further hold that the [1997] regulation excluding Lopez is permissible. The Bureau [of Prisons] reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

Lopez, 531 U.S. at 244.

Despite the Court's holding in Lopez, Rivkin now relies primarily on a decision of the Ninth Circuit Court of Appeals in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), for his contention that the final 2000 rule is arbitrary and capricious.

In Arrington, eighteen prisoners or former prisoners, all convicted of offenses involving the carrying, possession, or use of a firearm or other dangerous weapon, challenged § 550.58 on the ground that the Bureau of Prisons failed to state a rationale for its categorical exclusion of certain inmates from the one-year sentence reduction of § 3621(e). In response, the Bureau of Prisons set forth two rationales: a concern for public safety, and the need for uniformity in the application of the eligibility regulations. Id. at 1113. Although recognizing that the Bureau of Prisons enjoyed "wide discretion in fashioning regulations

4

governing the statutes that they are charged with administering," the court rejected both of the Bureau of Prisons's reasons for promulgating the rule, concluding neither withstood the court's review under the APA. Id. at 1113-14.

Although federal prisoners across the country have relied on Arrington to support applications for habeas corpus challenging their exclusion from the early release provisions of § 3621, it appears no court outside the Ninth Circuit has accepted that court's reasoning. Instead, courts that have considered the issue, including those in the Northern District of Texas, have rejected the Ninth Circuit's holding invalidating § 550.58 as contrary to Lopez. See, e.g., Gatewood v. Outlaw, --F.3d--, 2009 WL 775567 (8th Cir. March 26, 2009); Martinez v. Berkebile, No. 3:08-CV-1788-D, 2009 WL 159231 (N.D. Tex. Jan. 21, 2009); Cross v. Berkebile, No. 3:08-CV-1379-M, 2009 WL 159280 (N.D. Tex. Jan. 21, 2009); Serrano v. Berkebile, No. 3:08-CV-1587-K, 2009 WL 81017 (N.D. Tex. Jan 9, 2009); Ramirez v. Berkebile, No. 3:08-CV-1899-L, 2008 WL 5435334 (N.D. Tex. Dec. 31, 2008); Minotti v. Whitehead, 584 F.Supp.2d 750 (D. Md. 2008).

Rivkin, as others before him, contends that the Bureau of Prisons regulation is "arbitrary and capricious." Under the APA, an agency's rulemaking decision is arbitrary and capricious only

5

if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). Although a reviewing court may not "supply a reasoned basis for the agency's action that the agency itself has not given," a court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Id.

Relying on Arrington, Rivkin claims that the "administrative record behind the 2000 rule does not clearly set forth an adequate rationale for excluding those whose offenses involved firearms and were otherwise statutorily eligible from receiving the one year RDAP reduction." App. at 7. The court disagrees. Prior to Lopez, the Fifth Circuit upheld the 1997 version of § 550.58 as "consistent with the letter and spirit of the [Bureau of Prisons's] authority as derived from section 3621(e)." Venegas, 126 F.3d at 765. The Fifth Circuit recognized that the 1997 version of § 550.58 contains evidence of the nexus between weapons offenses (such as the one at issue in the instant action)

6

and the substantial risk of future violence, and thus demonstrated a "valid exercise of discretion" which the court declined to disturb. Id.[3]

Further, courts that have considered the issue have found Arrington contrary to the Supreme Court's holding in Lopez upholding the 1997 interim rule that is identical to the 2000 final version. See, e.g., Gatewood, --F.3d--, 2009 WL 775567 at *2, *4 (quoting Lopez); Cross, 2009 WL 159280 at *7; Minotti, 584 F.Supp.2d at 765; Neal v. Grondolsky, No. 08-2477 (NLH), 2008 WL 4186901 (D.N.J. September 9, 2008).

Having considered the Fifth Circuit's approval of the Bureau of Prisons's discretion to promulgate a rule identical to the one challenged by Rivkin, the Supreme Court's holding in Lopez, and the reasoning of a host of other courts that have disagreed with the Ninth Circuit, the court likewise rejects Arrington's conclusion that the Bureau of Prisons's final rule is arbitrary and capricious and therefore invalid. Instead, the court finds persuasive the reasoning in Minotti that

> the Bureau of Prisons's concern about uniformity in
> application is not arbitrary or capricious but rather
> is the consequence of its fidelity to Congress's

---

[3] When the Bureau of Prisons promulgated the 2000 rule it finalized the three interim rules without change. 65 Fed. Reg. 80745, 80747 (Dec. 22, 2000).

> mandate. The connection between firearms, drug offenses, and violence is fully supported by the language of the statute, Lopez, and just plain common sense. Accordingly, the Bureau of Prisons's explanation for its interpretative rule is neither arbitrary nor capricious, but rather was manifestly correct.

Minotti, 584 F. Supp.2d 765; see also Gatewood, --F.3d--, 2009 WL 775567 at *4 (recognizing the public safety and uniformity rationales for the Bureau of Prisons's exclusionary rule); Cross, 2009 WL 159280 at *6-7 (quoting Minotti). Rivkin has adduced nothing as would convince the court that the Bureau of Prisons's exclusionary rule is arbitrary and capricious.

Rivkin further challenges the application of Arrington only to prisoners in the Ninth Circuit. It is well-settled, however, that decisions of courts outside the Fifth Circuit are not binding on this court. Hyder v. Keisler, 506 F.3d 388, 393 (5th Cir. 2007).

### III.

### Order

For the reasons given above,

The court ORDERS that the application of Rivkin for writ of habeas corpus pursuant to § 2241 be, and is hereby, denied.

SIGNED April 12, 2009.

_____
JOHN McBRYDE
United States District Judge